IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-77-KAC-HBG |
| IAN P. CLARKE, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the undersigned on Defendant Clarke's unopposed Motion for Continuance [Doc. 13], filed on July 23, 2021. Defendant asks the Court to continue the August 24, 2021 trial at least ninety days and to extend the other deadlines in this case. He states that counsel needs additional time to review discovery, which is document intensive, and complete an investigation of the complicated facts of this case. Defense counsel needs time to complete his factual and legal investigation before the expiration of the plea deadline. The motion relates that the Government does not oppose the requested continuance. Counsel for both parties have conferred with Chambers and agreed on a new trial date of February 8, 2022.

The Court finds Defendant Clarke's motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to review the voluminous discovery and to investigate factual and legal matters. Defense counsel must complete his investigation before the expiration of the deadline for plea negotiations.

The Court observes that if plea negotiations are not fruitful, the parties will need time to prepare the case for trial. The Court finds that these pretrial preparations cannot be concluded by the August 24 trial date or in less than six months. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 13**] is **GRANTED**. The trial of this case is reset to **February 8, 2022**. The Court finds that all the time between the filing of the motion on July 23, 2021, and the new trial date of February 8, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Clarke's Motion for Continuance [**Doc. 13**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 8, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **July 23, 2021**, and the new trial date of **February 8, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **September 17, 2021**. Responses are due on or before **October 1, 2021**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 7, 2022**;

(6) The deadline for filing motions *in limine* is **January 24, 2022**;

(7) The parties are to appear before the undersigned on **January 25, 2022, at 11:30 a.m.**, for a final pretrial conference; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 28, 2022**.

        **IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge